**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARRYL DARDEN,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:23-0697** |
| | : | **(JUDGE MANNION)** |
| **v.** | : | |
| **HARNER., *et al.*,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

**I. Background**

On April 27, 2023, Plaintiff, Darryl Darden, in inmate confined in the State Correctional Institution, Camp Hill ("SCI-Camp Hill"), Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). Plaintiff seeks compensatory and punitive damages for an incident which occurred at his prior place of confinement, Mahanoy State Correctional Institution ("SCI-Mahanoy"), Frackville, Pennsylvania. Id. The named Defendants are five SCI-Mahanoy employees. Id.

On July 28, 2023, Defendants filed a motion to dismiss along with a supporting brief. (Doc. 13).

By Order dated August 21, 2023, Plaintiff was granted until September 5, 2023, to file a brief in opposition to Defendants' motion to dismiss. (Doc.

15). Plaintiff failed to file a brief in opposition to Defendants' motion to dismiss, nor request an enlargement of time within which to do so.

By Order dated February 2, 2024, this Court directed Plaintiff to show cause as to why the above captioned action should not be dismissed pursuant to Fed.R.Civ.P. 41(b) for Plaintiff's failure to prosecute. (Doc. 16).

On February 12, 2024, this Court's February 2, 2024 Order was returned to the Court marked "return to sender" and "unable to forward", noting that Plaintiff had been "released" on October 17, 2023 and the prison was "unable to forward." (Doc. 17). Thus, for the reasons that follow, the Court will dismiss the above captioned action for Plaintiff's failure to prosecute and to comply with a Court Order.

## II. DISCUSSION

On April 27, 2023, Plaintiff was provided with this Court's Instructions for Filing a Complaint by a *Pro Se* Plaintiff. (Doc. 4). It informed Plaintiff of the following with regard to a change of address notice:

> *Pro se* plaintiffs and petitioners are advised that they have an affirmative obligation to keep the court informed of his or her current address. If the plaintiff/petitioner changes his or her address while the lawsuit is being litigated, the plaintiff/petitioner shall immediately inform the court of the change in writing.

- 2 -

Id. Plaintiff has failed to provide this Court with his current address in violation of the requirements of Middle District Local Rule 83.18 and the Court is unable to communicate with Plaintiff at her address of record.

Fed.R.Civ.P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute." The United States Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 631 (1962). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." Iseley v. Bitner, 216 F. App'x 252, 255 (3d Cir. 2007). Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a District Court is required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). However, when a litigant's conduct makes adjudicating the case impossible, an analysis of the Poulis factors is unnecessary. See Iseley, 216 F. App'x at 255 (citing Guyer v. Beard, 907 F.2d 1424, 1429–30 (3d Cir. 1990) and Spain v. Gallegos, 26 F.3d 439, 454–55 (3d Cir. 1994)); see also Williams v. Kort, 223 F. App'x 95, 103 (3d Cir. 2007).

- 3 -

Plaintiff's last communication with this Court was the filing of Plaintiff's May 22, 2023 motion for leave to proceed *in forma pauperis*. (Doc. 7). A search of the Pennsylvania Department of Corrections computerized Inmate Locator confirmed that Darden is not in state custody. See https://inmatelocator.cor.pa.gov. Plaintiff's failure to provide his current address has prevented this matter from proceeding.

Based on these circumstances, the Court concludes that Plaintiff is no longer interested in pursuing his pending claims. Accordingly, it would be a waste of judicial resources to allow this action to continue. The Court's inability to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal. See Poulis, 747 F.2d at 868-69.

### III. Conclusion

For the foregoing reasons, the Court will dismiss the above captioned action with prejudice for failure to prosecute and to comply with this Court's Local Rule 83.18.

An appropriate order shall issue.

MALACHY E. MANNION
United States District Judge

**Date: February /, 2024**

23-0697-01

- 4 -